# William H. Minick *v.* David Gring, Appellant.

*Evidence—Contract—Evidence of special circumstances.*

Where the question is whether a contract was entered into by the defendant or not and it is denied by him, or where it is alleged by the defendant that the agreement or undertaking was made by him under special circumstances, the facts and surroundings of the parties are always admissible.

*Practice, C. P.—Trial—Charge. of court—Partial presentation of facts in charge.*

Where a trial judge prominently presents in his charge the theory and strong features of the plaintiff's case and ignores the theory of the defense and the facts on which it is based, this constitutes cause for reversal on error assigned.

Argued March 10, 1896. Appeal, No. 2, March T., 1896, by defendant, from the judgment of C. P. Perry Co., April T., No. 20, upon verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Appeal from the judgment of a justice of the peace. Verdict and judgment thereon in favor of the plaintiff for $165.50.

It appeared from the evidence that Charles F. Dick was indebted to W. H. Minick on a note for $115, on which one Sunday was bail. Sunday gave orders to Minick to collect the note. Suit was brought before a justice. Judgment was entered for the amount of the note with interest and costs. On the face of the note was an agreement to pay 5% attorney's commission for collection. There was no attorney employed in the case, but commission was included in the statement of debt, interest and costs. Dick had been employed by Gring, the defendant. It was alleged that Gring owed Dick money and that, on the request of Dick, Gring told plaintiff that if he would defer issuing execution he would settle for the judgment. Subsequently Gring made tender to the justice of the debt, interest and costs, less the attorney's commission. Plaintiff refused to accept the tender. Subsequently Dick was sold out by other creditors and the money due him by Gring was attached. At the trial plaintiff made the following offers of evidence which upon objection were refused:

Q. (By defendant's attorney to defendant.) State, if you please, what direction you received from Mr. Dick through your father as to what should be done with a certain judgment upon the docket of 'Squire Lobach in which Mr. Minick was the plaintiff and Mr. Dick and Sunday were the defendants ?   [1]

" Defendant's counsel offers to prove by the witness on the stand that on the occasion when, as testified to by the plaintiff in this case, he instructed Mr. Lobach to receive from the defendant the amount of money, less five per cent collection fee, that Mr. Lobach came back to Mr. Gring, at the office of Mr. Lobach, and informed him that Mr. Minick refused to take anything except the debt and interest and five per cent, and that in accordance with the demand of Mr. Lobach, who was then acting as agent for Mr. Minick, the defendant made a tender in gold and silver of the amount of the debt and interest and costs, less the five per cent commission.   This is offered for the purpose of showing the contractual relations that were between himself and W. H. Minick, if any." [2]

Q. (By defendant's attorney to the defendant.)   In about what sum of money were you indebted to Mr. Dick at the time that you offered or that you made a tender of this amount of money to Mr. Lobach ? [3] .

The court, after reciting the facts, charged the jury as follows:

Now these are the facts, as alleged by the plaintiff, and the material question in the case for you to determine is, whether such promise was made by Mr. Gring in consideration whereof Mr. Minick withheld the execution that he would otherwise have issued in the case, and thereby lost his money.   It is not material though whether he lost money, if he held the execution by reason of the promise of Mr. Gring, then Mr. Gring owes the amount of that judgment to Mr. Minick, and he is bound in law and morals to pay it. . . . The law says that, no matter whether it is a hardship or not, if he made the promise, he must pay.   It is always considered a hardship for a surety to pay the debt of his principal, but it would subvert and overthrow all the business of the country if jurors, out of sympathy for the unfortunate surety, would refuse to find a verdict against him because it is hard to pay the debt of another man. All that a man has to do to protect himself against such hardship is to refrain from making the promise and protect himself from liability of such kind. [4]

There is an old adage, that "actions speak louder than words," and it forcibly expresses a truth that is apparent to every intelligent man. So where the testimony of any witness is directly contradictory, as a particular fact or occurrence, then it is your duty to look into the conduct and acts of the party making the allegations, and where you find the truth to be it must be found on the evidence, and that alone. You have no right to base your verdict upon what you know to be true outside of the case. To do so would not be in compliance with the oaths you have taken. In this case, then, carefully scan all the evidence, and see how the acts and conduct of the parties support their testimony. Thus, in this case, there are certain facts that are undisputed, or in which there is no contradiction in the evidence, and that is, that Mr. Minick had a note against C. F. Dick for $115 on which Mr. Sunday was surety; that this note became due about the 6th of October, 1887, and Mr. Sunday notified Mr. Minick that he must proceed to collect the note off of Dick, that he would no longer remain surety. The transcript which was given in evidence shows that Mr. Minick commenced his suit and he obtained judgment and had it in shape to issue execution, but that he did not do it. Why? What motive impelled him to withhold that execution, when he had notice that if he did so the surety was absolved of liability? That is an inquiry which you must make in your minds. What would be the natural conduct of a man under such circumstances? Would he, without cause, without some impelling motive have delayed to issue the execution upon that judgment and have secured the money which was due him, unless he was influenced by some consideration outside of the transaction? That is one fact in the case,—that he did not issue the execution,—and he testifies to you why he did not do it, and that it was because Mr. Gring had promised that he would pay him the amount of the judgment if he would not issue the execution and thus save costs upon Mr. Dick, and at the same time informed him that he had the means of payment within his own hands, and was in addition to that secured by taking possession of the team of C. F. Dick into his hands. Now, this fact Mr. Gring denies; he denies it just as positively and just as pointedly as Mr. Minick testifies to its truth. So you must explain how this contradiction arises. Would Mr. Minick be

capable of concocting a story such as he has testified to here, wholly false? Is it probable that he would do so? What inducing motive would there be for such conduct on his part? On the other hand, is Mr. Gring mistaken or is he not? Has he, in the course of his business engagements, forgotten the promise he made to Mr. Minick, or did he never make it? These are questions you must determine by your verdict, and no question arises here under the statute of frauds—it is entirely outside of this case. [5]

*Errors assigned* were, (1–3) refusing defendant's offers of evidence, reciting same ; (4, 5) errors to portions of the charge commenting favorably on the theory and evidence of the plaintiff without doing the like for that of the defendant, and reciting portions of the charge objected to.

*William H. Sponsler*, for appellant, on the question of admission of evidence cited : Taylor's Evidence, sec. 316 ; Starkie on Evidence, p. 90 ; Bickham v. Smith, 55 Pa. 337 ; Sennett v. Bucher, 3 P. & W. 392 ; Bull v. Towson, 4 W. & S. 557 ; Best on the Principles of Evidence, sec. 23–24; as to the partial nature of the charge relied on, Goersen v. Com., 99 Pa. 388.

*Chas. A. Barnett, Louis Potter* with him, for appellee.—It is difficult to see any application to the facts of this case of the citations of appellant's argument from the text-books on evidence, and it seems to us that the cases cited as authorities are destructive of their argument. On the question of charge of the court, Goersen v. Com., 99 Pa. 388, is a criminal case ; in civil cases the rule is different; Leibig v. Sterner, 94 Pa. 472; Repsher v. Wattson, 17 Pa. 365 ; Bitner v. Bitner, 65 Pa. 347.

OPINION BY REEDER, J., April 13, 1896:

W. H. Minick, the plaintiff, had a note against Chas. F. Dick for $115 with a five per cent attorney's commission for collection. Suit was brought and judgment obtained for the amount of the note with collection fee before George W. Lobach, Esq., a justice of the peace. There was no attorney employed in the suit by the plaintiff. David Gring, the defendant, was indebted to Dick for hauling lumber. Upon the trial of the case in the

court below the plaintiff testified that he met Gring and the latter told him "he should put no more costs on the note," that he (Gring) would pay it, and this promise was the basis of the suit against Gring. The defendant contended that he was authorized to pay the judgment with interest and costs, but that Dick had forbidden him to pay the attorney's fee; that he went to the justice's office, made a tender of the amount less the commission, and that this was refused. Dick, when upon the stand as witness for the plaintiff, testified that he had sent word to Gring through his (Gring's) father to pay this note. In support of this theory the defendant was asked to testify what direction was given him by Dick through his (Gring's) father as to the payment of this judgment. This was manifestly intended to prove that he was instructed by Dick's agent or messenger to pay the note but not the collection fee. It was excluded by the learned court below and forms the subject of the first assignment of error. This assignment of error must be sustained. The plaintiff had proven by Dick that he requested Gring to pay the note. The defendant proposed to prove just what the instructions were which were brought to him by Dick's messenger, that they were to pay the note but not the collection fee. The former was admitted, the latter excluded. The vice of this ruling is shown by what the learned court says in his charge to the jury: "I will call your attention to the testimony of Mr. Dick who testifies he was in the employ of Mr. Gring, and testifies that he requested Mr. Gring to assume this judgment and pay it. Now did Mr. Gring act in pursuance of that request or not?" When the defendant attempted to prove just what that request was and that he did act in compliance with it, this evidence was rejected by the court and is the subject of the first assignment of error.

The second assignment of error must also be sustained. When the defendant was on the stand it was proposed to prove by him that he offered to pay the justice of the peace, Lobach, the amount of the judgment with debt, interest and costs, but without the attorney's commission, that Lobach went out and came back and said that Minick refused to take anything less than the debt, interest, costs and collection fee; that he then made a tender in gold and silver of the amount of the judgment less the commission, which was refused. Minick when

upon the stand testified that he had accepted the proposition. The defendant was entitled to have this testimony of his go to the jury with that of Minick in order that they might consider it together in order to determine the exact contractual relation between Minick and Gring upon that day. To exclude the one and admit the other was error. The second assignment of error must therefore be sustained.

The third assignment of error cannot be sustained. It was immaterial how much was the amount of Gring's indebtedness to Dick. The paramount inquiry for the jury was what was the proposition made to Minick by Gring. Was it as Minick testifies, that if he " put no more costs upon the note that he (Gring) would pay it," or was it as the defendant offered to prove, that he would pay and indeed offered to pay it less the five per cent commission. Upon this question the testimony offered would shed no light nor was it properly admissible in evidence for any other purpose in the case. It was therefore properly rejected by the learned judge of the court below.

The fourth and fifth assignments of error must be sustained. These portions of the charge are not such a fair and impartial presentation of the facts to the jury as the defendant was entitled to. They emphasize the testimony of the plaintiff while they ignore the testimony of the defendant. The rule as laid down by the Supreme Court in Goerson v. Commonwealth, 99 Pa. 388, that where a judge prominently presents in his charge the theory and strong features of the prosecution and ignores the theory of the defense and the facts on which it is based, this constitutes cause for reversal on error, is applicable in this case. The fact that the last mentioned case was a criminal case and this a civil one makes no difference in the application of the rule. Not only was the jury's attention called to the plaintiff's testimony but to all the inferences and deductions that might be made from the plaintiff's testimony, while the learned judge only referred to the defendant's testimony and theory of defense with the simple declaration that he denies the evidence of the plaintiff.

Judgment is reversed and a venire facias de novo awarded.