## Philip P. Taylor *v.* Sidney Fuller, Appellant.

*Practice, C. P.—Trial—Misleading answer to point.*

Where a point does not adequately cover the branch of the case to which it is directed and the answer affirming it is misleading and erroneous, such answer properly can be assigned for error.

Argued May 4, 1897.   Appeal, No. 140, April T., 1897, by defendant, from judgment of C. P. Jefferson Co., Sept. T., 1894, No. 431, on verdict for plaintiff.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Reversed.

Assumpsit by Philip P. Taylor to recover balance alleged to be due him under contract to farm land on shares and also to recover money due on an alleged contract between his wife and defendant.

The defendant introduced testimony tending to show that a full and complete settlement of all accounts between the parties had been made.   The court allowed the evidence on behalf of the plaintiff in regard to the claim for wages by the wife and the jury found a verdict in favor of the plaintiff for $412.13 which, after argument on the rule for a new trial, was reduced to $260.17, thereby eliminating the amount claimed for the wife's services, whereupon the court below refused the motion for a new trial.

Verdict and judgment for plaintiff for $260.17.   Defendant appealed.

*Errors assigned* were (1) To a portion of the general charge, as follows : "As to the one hog, $13.00, Mr. Fuller admits having received that hog.   We do not understand that that was

included in the settlement or that he claims that it was, or that he ever paid for it." Defendant's counsel excepts to the general charge of the court. Bill of exceptions sealed, at their request, the 1st day of January, 1897. (2) In the following portion of the general charge, viz : " Then there was some testimony in regard to repairing a buggy. The plaintiff alleges that he got a buggy and put $26.00 repairs on it, and that then Mr. Fuller took it back. The plaintiff claims to recover for that and we have nothing as to that buggy except his (plaintiff's) testimony. So those two items do not seem to be in dispute, the $13.00 for the hog and the $26.00 repairs on the buggy." Defendant's counsel excepts to the general charge of the court. Bill of exceptions sealed, at their request, the 1st day of January, 1897. (3) In its answer to the defendant's point, which point and answer are as follows : " The defendant has asked us to instruct you, that under the evidence in this case there can be no recovery for the wages of Mrs. Nancy J. Taylor for any alleged services during the absence of her husband, from the fall of 1890 to the fall of 1893. *Answer :* This question came up in the evidence, and, having admitted the testimony we submit that question to you." Defendant's counsel excepts to the answer to defendant's point. Bill of exceptions sealed, at their request, the 1st day of January, 1897. (4) In submitting to the jury that on evidence of two several claims, one owned by the husband and another by the wife, one entire verdict could be rendered in favor of the plaintiff. Which error is in the following portion of the general charge, viz : " You will now take the case, and if you agree upon a verdict, seal it up and bring it in in the morning. If you find for the plaintiff you will specify the amount; if you find for the defendant, if you find any balance in his favor you will specify it." Defendant's counsel excepts to the general charge of the court. Bill of ex ceptions, sealed at their request, the 1st day of January, 1897.

*W. F. Stewart* and *G. A. Jenks*, for appellant.

*Alexander C. White*, for appellee.

OPINION BY BEAVER, J., July 23, 1897 :

Although the amount of money involved is insignificant,

there is substance in the first and second assignments of error, as presented by the appellant. There was not only an inadequate but a misleading presentation of the facts as to the two items referred to therein. Although the defendant in his examination in chief does not refer specifically either to the hog or to the repairs of the buggy, he does say, in answer to question of his counsel: Q. "Did you include them (the oats) in that settlement? A. Yes, sir, everything was included. Q. State whether there were any dealings between you and Philip Taylor left undone in that settlement? A. Nothing. Q. Was there anything else due between you and him, except what that settlement set forth? A. That was all. It was put to writing and both of us signed it and he took a copy."

In the cross-examination, in answer to the question of counsel "You got two hogs that were there of Philip's that fall after he went away?" he said, "If I did, they were settled." It is apparent from the entire testimony of the defendant that everything claimed by the plaintiff was in dispute and it was, therefore, error for the court to say, as complained of, "So those two items do not seem to be in dispute,—the $13.00 for the hog and the $26.00 repairs on the buggy." There was a substantial dispute between the plaintiff and the defendant and the defendant's testimony in regard thereto should have been called to the attention of the jury: Goersen v. Commonwealth, 99 Pa. 388; Minick v. Gring, 1 Pa. Superior Ct. 484. These assignments of error must, therefore, be sustained.

The third and fourth assignments relate to the submission by the court to the jury of the evidence concerning the claim of Mrs. Nancy J. Taylor, the wife of the plaintiff, for services rendered the defendant during the continued absence of the plaintiff from home. The court evidently became convinced that this claim for services should not have been submitted to the jury in the present action; and, an itemized verdict having been returned showing the amount allowed by the jury for the wages of the wife, the amount thereof was deducted by the court from the verdict before the entry of judgment. The defendant, therefore, received the practical advantage of an affirmative answer to his point, namely, "That, under the evidence in this case, there can be no recovery for the wages of Mrs. Nancy J. Taylor for any alleged services during the ab-

sence of her husband from the fall of 1890 to the fall of 1893."
It is altogether probable that the testimony in regard to the
claim of the wife for wages may have affected the minds of the
jury unfavorably to the defendant, but the admission of this tes-
timony is not complained of and, as it will doubtless be excluded
in another trial, it is not necessary for us to comment upon it
now.    The court having deducted the amount allowed by the
jury for the wages of the wife from the verdict before the entry
of judgment, we regard it for practical purposes as equivalent
to an affirmative answer to the defendant's point.    So far as
the defendant's rights are concerned, it made little difference
whether the item were withdrawn from the consideration of
the jury or deducted from their verdict after it was rendered.
For this reason only these assignments are not sustained.

Being compelled to sustain the first and second assignments
of error, the judgment is reversed and a new venire awarded.